UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEMILADE AKIN-OLUGBADE, Plaintiff, | CASE NO. 1:14-CV-01828 |
| vs. | OPINION & ORDER [Resolving Doc. No. 1] |
| CITY OF CLEVELAND, Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Demilade Akin-Olugbade filed this action against the City of Cleveland, Ohio. In the Complaint, Plaintiff alleges one of his Cleveland properties was demolished and the Defendant did not notify him of its destruction. He seeks monetary damages and reopening of Case No. 1:12 CV 464 (N.D. Ohio May 22, 2012)(Gwin, J.) in which he asserted the same claim pertaining to his property at 2176 E. 83rd Street, Cleveland, Ohio.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

## I. Background

The Complaint is very brief. Plaintiff lists his address as a post office box in Boston, Massachusetts. He states he came to Cleveland on January 29, 2014 to view his properties to

make certain they were still boarded up. He contends he returned to Cleveland again in August 2014 and discovered one of his vacant structures had been demolished. He claims he was not notified by mail or telephone of the demolition. He states he would like to be compensated for the value of his property.

**II. Legal Standard**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III. Analysis**

As an initial matter, Plaintiff does not give the Court any indication of the legal claim or claims he intended to assert in this action. He simply states, "the federal court is in charge of misconduct and violating the laws of the federal government regarding housing for minorities." Although the standard of review is liberal, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must "give the defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Id.* at 726. This Complaint fails to contain sufficient factual allegations to state a claim for relief that is plausible on its face.

It is possible Plaintiff may be attempting to assert a claim for denial of due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit

under 42 U.S.C. § 1983. *Id.*

To state a claim for the denial of procedural due process, Plaintiff must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the Defendant deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). At this point in the inquiry, the Court is left to guess at basic elements of the claim. First, Plaintiff does not allege any facts suggesting the City of Cleveland was responsible for the demolition of the structure in question. He does not allege what interactions, if any, he had with the City of Cleveland concerning this property. He simply states that the structure on his property was intact when he left town in January 2014 and was gone when he returned in August. He concludes, without explanation, that the City of Cleveland is liable. He states that his properties were boarded up, suggesting he owns more than one property in Cleveland, and that those properties were vacant and uninhabitable. He briefly mentions some required renovations but he does not explain which renovations, if any, were ordered to be performed, who ordered them to be performed, or by when the renovations were to be completed. Procedural due process claims do not focus on the end result or the egregiousness of the deprivation itself, but only question whether the process accorded to the deprivation was constitutionally sufficient. *Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996). Without any factual allegations concerning his interactions with the City of Cleveland, Plaintiff does not satisfy the basic pleading requirements under Federal Civil Procedure Rule 8 to state a claim for

denial of due process.

To the extent Plaintiff intended to assert some other claim, he failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state the federal claim or claims upon which Plaintiff intends to base his this action.

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: January 7, 2015

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.